NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3069

DANNY R. JOHNSON,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Danny R. Johnson, of Upper Marlboro, Maryland, pro se.

Douglas G. Edelschick, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel was Sandi C. Archibald, Attorney, Office of the Chief Counsel to the Inspector General, Office of the Inspector General, Social Security Administration, of Baltimore, Maryland.

Appealed from: Merit Systems Protection Board

.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3069

DANNY R. JOHNSON,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

---

DECIDED: May 9, 2008

---

Petition for review of the Merit Systems Protection Board in PH3443070182-I-1

Before NEWMAN, Circuit Judge, PLAGER, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

## DECISION

Danny R. Johnson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied his claim under the Veterans Employment Opportunities Act, Pub. L. No. 105-339, 112 Stat. 3182 (1998) (codified in scattered

sections of titles 2, 3, 5, and 31 of the U.S.C.) ("VEOA"). <u>Johnson v. Soc. Sec. Admin.</u>, PH-3443-07-0182-I-1 (M.S.P.B. Sept. 21, 2007) ("<u>Final Decision</u>"). We <u>affirm</u>.

DISCUSSION

I.

Mr. Johnson, a preference eligible veteran, is presently employed as a public affairs specialist in the Baltimore, Maryland office of the Office of the Inspector General of the Social Security Administration ("agency"). <u>Johnson v. Soc. Sec. Admin.</u>, PH-3443-07-0182-I-1, slip op. at 2 (M.S.P.B. May 21, 2007) ("<u>Initial Decision</u>"). In his present position, his rating on the General Schedule Pay Scale is GS-1035-13. <u>Id.</u>

On May 15, 2006, a position of public affairs specialist with a GS-1035-14 rating became available. <u>Id.</u> The agency determined to fill the position through merit promotion procedures,[1] and it decided to accept applications from all agency employees in the Baltimore, Maryland/Washington, D.C. area. <u>Id.</u> at 2–3. Mr. Johnson applied for the position, and the agency placed his name, along with the names of six other applicants, on a "best-qualified" list. <u>Id.</u> at 2. The agency interviewed three persons (not including Mr. Johnson) from the list, and it ultimately promoted both Tracy Lynge and Valerie J. Wood, deciding to promote two applicants rather than merely one. <u>Id.</u>

In due course, Mr. Johnson filed a complaint under the VEOA with the Department of Labor ("DOL"), alleging that he was denied his rights as a preference

---

[1]     "Merit promotion procedures" is a term of art describing a hiring process by which an agency opens a position only to those already employed by the agency. <u>Abell v. Dep't of the Navy</u>, 343 F.3d 1378, 1380 (Fed. Cir. 2003) ("Merit promotion procedures govern the placement, promotion, transfer, reassignment, and other movement of competitive service employees.").

eligible veteran.  Id.  The DOL investigated the complaint and found it to be meritless. Id.

Following DOL's decision, Mr. Johnson appealed to the Board, alleging deprivation of his rights under the VEOA.  Id. at 3.  Specifically, Mr. Johnson contended that the agency had pre-selected Ms. Lynge to be promoted and that the agency's actions in support of her application, including notifying her of the position's availability while failing to notify him, demonstrated bias against him.  Id.  He alleged that the agency, acting on that bias in favor of Ms. Lynge, chose merit promotion procedures in order to prevent him from receiving additional points on his application and increase the probability of Ms. Lynge's receiving the promotion.  Id.  He also alleged that the agency's Deputy Chief Counsel for External Relations, Jonathan Lasher, changed the rating factors for skills required to receive the promotion in order to have the factors more closely match Ms. Lynge's qualifications.  Id.

The administrative judge ("AJ") assigned to the case rejected Mr. Johnson's VEOA claim.  Id. at 5.  Deciding the case on the written record without a hearing, the AJ noted that Mr. Johnson could succeed on his claim only if he demonstrated bad faith in the selection process.  Id. at 4.  The AJ ultimately concluded that Mr. Johnson had not proven such bad faith by a preponderance of the evidence, noting that he had not produced any evidence demonstrating pre-selection of Ms. Lynge, alteration of position qualification factors to advantage Ms. Lynge, or prejudice arising from his not being notified of the promotion's availability.  Id. at 4–5. The Initial Decision became the final decision of the Board when the Board denied Mr. Johnson's petition for review for

failure to meet the criteria for review set forth at 5 C.F.R. §1201.115(d).  <u>Final Decision</u> at 1–2.  This appeal followed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).  Our scope of review in an appeal from a decision of the Board is limited.  Specifically, we must affirm the Board's decision unless we find it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "obtained without procedures required by law, rule, or regulation having been followed"; or "unsupported by substantial evidence."  5 U.S.C. § 7703(c) (2000); <u>see</u> <u>Kewley v. Dep't of Health & Human Servs.</u>, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

The VEOA provides redress for a preference eligible veteran "who alleges that an agency has violated . . . [his or her] rights under any statute or regulation relating to veterans' preference."  5 U.S.C. §3330a(a)(1)(A).  Before the Board, Mr. Johnson bore the burden of proving his allegations by a preponderance of the evidence.  <u>Isabella v. Dep't of State</u>, 106 M.S.P.R. 333, 345 (2007) ("To be entitled to relief under VEOA . . . the appellant must . . . prove by preponderant evidence that the agency's action violated one or more of his statutory or regulatory veterans' preference rights."); <u>Dale v. Dep't of Veterans Affairs</u>, 102 M.S.P.R. 646, 651 (2006).

An agency has discretion to fill vacant positions by any authorized method, 5 C.F.R. § 330.101 (2007), and one such method is merit promotion, <u>id.</u> § 335.103.  As noted, merit promotion involves a hiring process whereby only preexisting agency employees are permitted to apply for internal positions.  Veterans are not entitled to any preference when merit promotion procedures are used.  <u>See</u> <u>id.</u> § 353.103(b).  Mr.

Johnson does not argue against the agency's use of merit promotion procedures per se. Rather, he contends that he was deprived of his veterans' preference rights when the agency, acting on a bias in favor of Ms. Lynge's application, chose merit promotion procedures in order to ensure that he did not receive the additional points accorded to veterans' applications outside of the merit promotion context and thereby increase the likelihood that Ms. Lynge would be promoted. Mr. Johnson points to certain allegedly biased acts by the agency to demonstrate this point. First, he alleges that Mr. Lasher "hoped that Ms. Lynge would apply for the position," which, he asserts, demonstrates that Mr. Lasher had pre-selected Ms. Lynge to fill the position. Johnson Br. 4. Second, he asserts that Mr. Lasher "gave advance notice of the posting of the vacancy announcement . . . to Lynge and Wood, the eventual selectees." Id. (emphasis in original). Thus, Mr. Johnson apparently urges that the agency chose merit promotion procedures in bad faith. He asserts that "[t]he [Board] AJ failed to accurately apply [the VEOA] in this case. If an Agency takes an action in Bad Faith to avoid the strictures of VEOA, it can be found to have violated VEOA." Id. at 5–6 (emphasis in original). Mr. Johnson additionally urges that the agency misapplied merit promotion procedures, alleging that the agency tailored the selection factors to match Ms. Lynge's qualifications.

Mr. Johnson also contends that the AJ abused his discretion (i) in granting a protective order to prevent the taking of a deposition of a witness by Mr. Johnson, (ii) in rejecting a motion to compel discovery in the form of the depositions of certain agency employees, and (iii) in rejecting a motion to compel discovery of an email message that Mr. Johnson contended was in the possession of the agency. He also contends that

there were contradictions in the deposition testimony of various agency employees. He thus, in effect, challenges the credibility determinations of the AJ on the written record.

III.

Substantial evidence supports the AJ's conclusion that the agency objectively selected merit promotion procedures in good faith, without any bias against Mr. Johnson, and that the agency properly applied those procedures in selecting Ms. Lynge and Ms. Wood for promotion. Mr. Lasher, in explaining his decision to use merit promotion procedures, specifically asserted that "I was confident that there was sufficient talent within the Agency to post the position internal[ly] . . . only." Lasher Decl. 1. Furthermore, substantial evidence supports the AJ's conclusion that Mr. Johnson failed to prove the existence of the allegedly prejudicial acts by the agency that supported an inference of bad faith. Kathy Buller, the agency's selecting official, testified that Mr. Johnson's application was "very poorly written." Buller Dep. 29. Ms. Buller also explained how Mr. Lasher chose the three persons who were ultimately interviewed, noting that Mr. Lasher "was impressed with the writing ability they demonstrated in their applications" and that "[t]hey all three had a Social Security background, so they knew the Social Security programs." Id. at 28. Finally, any assistance Mr. Lasher provided Ms. Lynge and Ms. Wood in notifying them of the position does not appear to have prejudiced the agency's decision, for all applications, including Mr. Johnson's, were considered objectively.

Finally, the evidence does not suggest that the agency misapplied the merit promotion procedures. Mr. Lasher testified that he eliminated a rating factor related to "conduct[ing] meetings [and] mak[ing] presentations" and that he added a factor related

to "the ability to prepare written materials or lead the preparation of written materials" because writing skills were particularly important to the position. Lasher Dep. 24–25.

We also conclude that Mr. Johnson has failed to demonstrate any abuse of discretion in the AJ's discovery rulings. Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988) ("Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials. . . . This court will not overturn the board on such matters unless an abuse of discretion is clear and is harmful."). Mr. Johnson's conclusory allegations in his brief detailing various allegedly improper decisions of the AJ regarding the scope of discovery fall far short of demonstrating such an abuse of discretion. The AJ did not prevent Mr. Johnson from taking discovery from the agency witnesses whom he wished to interview. Instead, the challenged protective order merely precluded Mr. Johnson from taking oral depositions but permitted written discovery from such witnesses. Mr. Johnson fails to demonstrate how he was prejudiced by the AJ's decision to disallow oral depositions. Similarly, in denying Mr. Johnson's motion to compel discovery of an email message, the AJ found "that the agency provided the requested information in its possession and demonstrated that it made a good faith effort to locate an e-mail message that may or may not have existed at one time." Johnson v. Soc. Sec. Admin., PH-3443-07-0182-I01, slip op. at 1 (M.S.P.B. Apr. 9, 2007). Mr. Johnson fails, on appeal, to demonstrate that the email message was indeed available to the agency and that the AJ abused his discretion in denying a motion to compel its production. Finally, as far as Mr. Johnson's argument that the AJ erred in his credibility determinations is concerned, based upon the record

before us, we see no reason to disturb the AJ's findings based upon the various depositions and declarations.[2]

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.

---

[2] We have considered Mr. Johnson's other contentions and have found them to be without merit.