# United States Court of Appeals for the Federal Circuit

2008-3142

DAVID DEAN,

Petitioner,

v.

CONSUMER PRODUCT SAFETY COMMISSION,

Respondent.

David Dean, of Lugoff, South Carolina, pro se.

Maame A.F. Ewusi-Mensah, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel was Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, and Margaret H. Plank, Attorney, Office of General Counsel, Consumer Product Safety Commission, of Bethesda, Maryland.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3142

DAVID DEAN,

Petitioner,

v.

CONSUMER PRODUCT SAFETY COMMISSION,

Respondent.

Petition for review of the Merit Systems Protection Board in AT3443050147-M-1 and AT3443050179-M-1.

_____

DECIDED:  October 31, 2008

_____

Before NEWMAN, RADER and PROST, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Mr. David Dean petitions for review of the decision of the Merit Systems Protection Board, Docket Nos. AT3443050147-M-1 and AT3443050179-M-1 (M.S.P.B. Dec. 6, 2007), denying his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) and the Veterans Employment Opportunities Act of 1998 (VEOA).  We affirm the decision of the Board.

BACKGROUND

By letter dated April 30, 2004, Mr. Dean applied for the position of Products Safety Investigator (GS-1801-7/9) with the Consumer Products Safety Commission (the Agency) in Columbia, South Carolina. The Agency's Vacancy Announcement No. CPSC-045-04 contained a section entitled "What Other Materials Do I Have To Send," in which the Agency stated the following requirement:

> Status candidates and individuals eligible for special hiring authorities, who wish to be considered under both merit promotion or special hiring authority and competitive procedures, MUST submit two (2) complete applications. If one application is received, it will only be considered under the special hiring authority or merit promotion procedures.

Mr. Dean's cover letter was accompanied by one application. In his initial appeal to this court, Mr. Dean stated that after the mailing of the initial application letter, he realized his mistake and submitted two additional applications to the agency. The Board found that the Agency received only one application, and although this court affirmed that factual determination, we remanded for further review, as we shall discuss. Dean v. Consumer Product Safety Comm'n, No. 2007-3038, 2007 WL 634432 (Fed. Cir. Feb. 28, 2007) (Dean I).

In his cover letter with the application Mr. Dean identified himself as "a 30% or more preference eligible disabled veteran" and requested "Non-Competitive Appointment." Mr. Dean also stated in the letter: "My request for non-competitive appointment under applicable non-competitive appointment authorities is not intended to be, and is not, a waiver of any other rights, privileges or benefits available to me under any other statute, government-wide regulation, Agency regulations, policies or procedures."

2008-3142                                                2

On June 23, 2004 the Agency issued four separate certificates of eligibles under two hiring authorities: the competitive procedure and the merit promotion program. Mr. Dean was listed only on the merit promotion certificate. The Agency subsequently selected Ms. Ellen Estes for the position; Ms. Estes had the second highest rating (88 points) on the competitive procedure certificate. Mr. Dean filed a complaint for violation of the VEOA and the USERRA. He challenged the Agency's "practice of creating two hiring lists and then using only one list as a source of eligible candidates." Dean I, at *2. The administrative judge dismissed the complaint for failure to state a claim upon which relief can be granted, and the Board sustained the dismissal. This court vacated the dismissal, and remanded "for determination of whether the Agency's practice is in accordance with law and merit principles." Id.

On remand, after further development of the record and a telephonic hearing, the administrative judge denied Mr. Dean's request for relief. The administrative judge found that the Agency's practice of requiring the filing of two complete applications "applied equally to veterans and nonveterans, and that the impact of filing a single application would fall equally on all applicants regardless of their military status." The administrative judge also found that Mr. Dean's application received due consideration from the Agency and that his veteran status "played no role in [the Agency's] decision not to interview him for the position." The full Board denied review, and Mr. Dean appeals.

## DISCUSSION

Our scope of review of a decision of the Board is limited. The Board's decision is affirmed unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or

unsupported by substantial evidence.  5 U.S.C. §7703(c); <u>Abell v. Dep't of the Navy</u>, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003).

In accordance with the competitive process, an applicant is given a numerical score by the agency, and the agency makes its selection based primarily on the score.  5 C.F.R. §2.1 ("Competitive examinations and eligible registers").  A preference eligible veteran is given five or ten additional points.  5 U.S.C. §3309; 5 C.F.R. §337.01(b).  Then, when a veteran has the highest numerical rating, the agency must appoint the veteran unless the agency obtains from the Office of Personnel Management written authority to appoint someone whose score is lower.  <u>Joseph v. Fed. Trade Comm'n</u>, 505 F.3d 1380, 1381-82 (Fed. Cir. 2007) (citing 5 U.S.C. §3318(b) (1978)).

By contrast, under the merit promotion process, the position is only open to persons already employed by the agency and to veterans.  A preference eligible veteran is not entitled to veterans preference as to selection under the merit promotion process, but receives "a right to apply and an opportunity to compete for [the] position."  <u>Joseph</u>, 505 F.3d at 1383 (citing <u>Perkins v. United States Postal Serv.</u>, 100 M.S.P.R. 48, 51 (2005)).

An agency can choose to fill a vacant position by either method.  5 C.F.R. §330.101 ("An appointment officer may fill a position in the competitive service by any of the methods authorized in this chapter.").  An agency's simultaneous use of the competitive process and the merit promotion process is not of itself a violation of veterans preference. <u>Cf.</u> <u>Abell</u>, 343 F.3d at 1381 ("The VEOA ensures that a preference eligible veteran, . . . has the opportunity to apply for . . . vacancies [under merit promotion procedures].").  In the "merit promotion" process, the veteran gets the advantage of the opportunity to apply for vacancies that are otherwise open only to current agency employees.  The issue in this

case is whether the Agency violated the VEOA or the USERRA by its procedures and by not selecting Mr. Dean for the position.

I

The VEOA provides that "[p]reference eligibles or veterans . . . may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures" and that "all merit promotion announcements . . . shall indicate that preference eligibles and veterans . . . are eligible to apply." 5 U.S.C. §3304(f)(1),(4). The VEOA also provides that this provision "shall not be construed to confer an entitlement to veterans' preference that is not otherwise required by law." Id. at §3304(f)(3). The VEOA guarantees the veteran "only a right to apply and an opportunity to compete" under the merit promotion process. Joseph, 505 F.3d at 1383. Mr. Dean was given such an opportunity to compete and be considered by the Agency.

The Agency found Mr. Dean to be "qualified" for the position. Ms. Helen T. Cash, Supervisory Product Safety Investigator at the Agency, averred that she and another supervisor "did thoroughly review all of the applications for the position." Ms. Cash "considered the information in the applications, the previous history, and the interests of the individuals." Upon reviewing Mr. Dean's application, Ms. Cash found that Mr. Dean "appeared to be a job hopper and a floater." Ms. Cash also stated that "David Dean's application did not state why he wanted the job. His introduction showed no interest in the job, just that he should get the job." Ms. Cash determined that he was "not a good fit" for the job because "[h]e did not show how he would be a good fit" and the application showed "nothing about the specifics of what he had done" in his prior employment. In her affidavit,

Ms. Cash also stated that she recommended Ms. Estes for the position because "[s]he gave examples of work she had accomplished that closely resembled the work required in our investigator position" and her application "clearly demonstrated to me that she was performing work that was essentially consistent with the work required of a product safety investigator with our agency."

The administrative judge concluded that Mr. Dean had the full opportunity to compete for the job, that he did compete for the job, and that the Agency did not select him because it had determined that another candidate was the most suitable candidate for the position. The administrative judge concluded that the Agency satisfied its obligation under the VEOA by allowing Mr. Dean to compete in the merit promotion process. See Abell, 343 F.3d at 1383 (while "the VEOA gave Mr. Abell the right to apply for the . . . vacant positions, . . . the VEOA did not ensure that his application would be successful."). We discern no reversible error in this conclusion.

II

The Board also considered whether the Agency violated the USERRA in declining to hire Mr. Dean. A person making a USERRA claim bears the initial burden of showing by a preponderance of the evidence that his or her military service was "a substantial or motivating factor" in the action complained of. Sheehan v. Dep't of Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001). "If this requirement is met, the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would have taken the adverse action anyway, for a valid reason." Id.

The administrative judge, hearing live witnesses and making credibility determinations, found that Mr. Dean had met his initial burden. The Board found that Mr.

Dean's cover letter put the Agency on notice of his veteran status and "when the agency did not duplicate [Mr. Dean's] application for inclusion in the competitive procedures packet, nor contact him to bring the fine print in the vacancy announcement to his attention so that he could submit a second copy of his application, these facts permit an inference that the agency discriminated against him because of his status as a disabled veteran." Op. at 7. The administrative judge (AJ) found that Mr. Dean established a *prima facie* showing of the Agency's discriminatory motivation. See Sheehan, 240 F.3d at 1014 ("Discriminatory motivation under the USERRA may be reasonably inferred from a variety of factors[.]"); see also Kumferman v. Dep't of Navy, 785 F.2d 286, 290 (Fed. Cir. 1986) (intent is a question of fact to be found by the MSPB).

The burden then shifted to the Agency to establish that it had legitimate reasons to support its action. Sheehan, 240 F.3d at 1014. The AJ found that the Agency would have required Mr. Dean to follow the same procedure, i.e., submitting a separate and complete application under each hiring authority, in view of Mr. Dean's veteran status. The AJ heard testimony from Ms. Donna Simpson, Director of Human Resources Management at the Agency, stating that "the agency is required to have applicants submit separate, complete applications for each hiring authority under which they seek consideration in order to ensure that applicants receive appropriate consideration." The AJ found that the Agency required both veterans and non-veterans to follow the same procedure and to submit a separate application under each hiring authority. The AJ found that Mr. Dean submitted only one application to the Agency, by his own choice, and that the Agency placed his application under the merit promotion process as Mr. Dean's cover letter specifically requested and also as the Vacancy Announcement specified. The AJ found that the

Agency's practice of requiring the applicant to submit a separate application under each hiring authority "applied equally to veterans and nonveterans, and that the impact of filing a single application would fall equally on all applicants regardless of their military status."

Mr. Dean argues that the Agency violated USERRA because the Agency pre-selected Ms. Estes for the position and intentionally "discarded" his application; that Ms. Estes falsified her job application; and that all of the Agency's witnesses made false statements at the hearing. Mr. Dean does not proffer any evidence supporting his contentions. The record contains various declarations by Agency witnesses stating that the Agency afforded Mr. Dean full opportunity to compete in the merit promotion process and that the Agency required both veterans and non-veterans to follow the same procedures to apply for the job vacancy. The record does not show, and Mr. Dean does not argue, that had the Agency placed him on the competitive process certificate, his numerical rating would have been the highest and that the Agency would reasonably have selected him for the job.

On the entirety of the record, substantial evidence supports the Board's determination that the Agency required both veterans and non-veterans to submit a separate application under each hiring authority and that any applicant, veteran or non-veteran, who submitted a single application would have been considered under only one hiring authority, in this case, the merit promotion process. No violation of statute or regulation has been established, and no basis for adjustment or for further proceedings.

No costs.

<u>AFFIRMED</u>