NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT DONNELL DONALDSON,**
*Petitioner,*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2012-3160

---

Petition for review of the Merit Systems Protection Board in No. DC3330110862-I-2.

---

Decided: July 11, 2013

---

ROBERT DONNELL DONALDSON, of Landover, Maryland, pro se.

JOSHUA E. KURLAND, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director.

---

Before LOURIE, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

## DECISION

Robert Donnell Donaldson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied his petition for review of the initial decision of a Board administrative judge ("AJ"). The AJ ruled that Mr. Donaldson was not entitled to relief under the Veterans Employment Opportunities Act of 1998, 5 U.S.C. §§ 3330a–3330c ("VEOA"). *See Donaldson v. Dep't of Homeland Sec.*, No. DC-3330-11-0862-I-2 (M.S.P.B. June 21, 2012) ("*Final Decision*"). We *affirm*.

## DISCUSSION

### I.

Mr. Donaldson is a disabled veteran who, in response to a vacancy announcement posted in February of 2011, applied for a position as a Marine Transportation Specialist with the Coast Guard.[1] After interviewing two candidates (but not Mr. Donaldson), the Department of Homeland Security (the "agency") offered the position to Rogers Henderson, who had retired from the Coast Guard as a Lieutenant Commander. Mr. Henderson accepted the position.

### II.

Mr. Donaldson appealed his non-selection to the Board, where he requested a decision on the written record. On October 3, 2011, the AJ assigned to the case issued a close of record order that allowed the parties to provide additional information until the record closed on

---

[1]   This vacancy announcement was a re-posting of one of the positions at issue in prior appeal 2012-3106, reported at *Donaldson v. Department of Homeland Security*, 495 F. App'x 53 (Fed. Cir. Oct. 4, 2012), cert. denied, ___ S.Ct. ___, 2013 WL 673877 (June 24, 2013).

November 4, 2011. The AJ also informed Mr. Donaldson of what was required to prove the agency had violated his veterans' preference rights. On October 13, 2011, the agency submitted a narrative response to Mr. Donaldson's claims, as well as certain supporting documentation. In response, Mr. Donaldson filed a closing submission, in which he alleged that the agency had not only violated his veterans' preference rights by the non-selection, but also had retaliated against him for allegedly protected whistleblowing activity. The AJ docketed a separate Individual Right of Action (IRA) appeal under the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (codified in scattered sections of 5 U.S.C.), to address these allegations (the "Whistleblower Claims").[2] Thus, only Mr. Donaldson's claims under the VEOA remained at issue.

On December 16, 2011, the AJ rejected Mr. Donaldson's claim under the VEOA because Mr. Donaldson had failed to demonstrate that the agency had violated his veterans' preference rights. *See Donaldson v. Dep't of Homeland Sec.*, No. DC-3330-11-0862-I-2, slip op. at 8–9 (Dec. 16, 2011) ("*Initial Decision*"). By way of background, the AJ explained that an agency can fill a vacancy using either the open "competitive examination" process or the "merit promotion" process. *See Initial Decision* at 5 (citing *Joseph v. Int'l Trade Comm'n*, 505 F.3d 1380, 1381 (Fed. Cir. 2007)). The competitive examination process is generally used to review applicants from outside the agency while the merit promotion process is used when the position is to be filled by an employee of the agency or by an applicant from outside the agency who has "status" in the competitive service. *See Initial Decision* at 5 (citing *Joseph*, 505 F.3d at 1381–82).

---

[2] The Board's dismissal of the Whistleblower Claims for lack of jurisdiction is at issue in another appeal, No. 2012-3161.

The AJ further explained that, under the VEOA, veterans and other "preference-eligible" persons may receive special advantages, depending on the process used. *See Initial Decision* at 5–6 (citing *Joseph*, 505 F.3d at 1381–82). In the competitive examination process, preference-eligible persons receive additional points (not received by non-preference-eligible applicants) on their final rating scores. *See Initial Decision* at 6 (citing *Joseph*, 505 F.3d at 1381–82). In the merit promotion process, the only advantage received by a preference-eligible person is the opportunity to apply for a vacancy that would otherwise be open only to current agency employees. *Id.* An agency may seek applicants simultaneously under both processes, noted the AJ, and then fill the position using the merit promotion process. *See Initial Decision* at 6 (citing *Joseph*, 505 F.3d at 1384–85; *Abell v. Dep't of the Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003)). In such a situation, a preference-eligible applicant only receives the opportunity to apply, not any point or ranking preference. *See id.*

The AJ found that the agency had announced the Marine Transportation Specialist position under both the competitive examination process and the merit promotion process. *Initial Decision* at 6. According to the AJ, although Mr. Henderson was selected under the merit promotion process, Mr. Donaldson's application was fully considered by the agency under the competitive examination process. *Initial Decision* at 6–7. Based on those facts, the AJ concluded that Mr. Donaldson was afforded all of the rights to which he was entitled under the VEOA in the circumstances—i.e., the opportunity to apply and compete for the vacancy. *Id.*

Mr. Donaldson petitioned the Board for review. In the *Final Decision*, the Board denied the petition. Applying reasoning similar to the AJ's, the Board found that the agency "properly allowed the appellant to apply and compete for the position, and its decision to select another candidate, who was not a preference eligible, through the merit promotion process did not violate the appellant's

veterans' preference rights." *Final Decision* at 2. With the petition for review denied, the *Initial Decision* became the final decision of the Board. *Final Decision* at 3. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

## IV.

To be entitled to relief under the VEOA, an appellant must prove by preponderant evidence that the agency's actions violated one or more of the appellant's statutory or regulatory veterans' preference rights in a selection process. *See Johnson v. Soc. Sec. Admin.*, 276 F. App'x 1014, 1017 (Fed. Cir. 2008) (nonprecedential) (citing *Isabella v. Dep't of State*, 106 M.S.P.R. 333, 345 (2007)). We find no error in the Board's holding here because, as explained by both the AJ and the Board, the agency did not violate Mr. Donaldson's veterans' preference rights by announcing the position using both processes simultaneously, and then selecting Mr. Henderson under the merit promotion process. *See Dean v. Consumer Prod. Safety Comm'n*, 548 F.3d 1370, 1373 (Fed. Cir. 2008); *Joseph*, 505 F.3d at 1384–85. Specifically, Mr. Donaldson received the only benefit to which he is entitled—the opportunity to apply for a position that would otherwise be available only to current agency employees. *See Dean*, 548 F.3d at 1373; *Joseph*, 505 F.3d at 1383.

We turn now to the arguments Mr. Donaldson raises on appeal. First, Mr. Donaldson asserts that the *Final*

*Decision* should be vacated because the agency committed a "fraud upon the court" when an agency attorney stated, in the agency's narrative response before the Board, that Mr. Henderson was a "preference eligible veteran." According to Mr. Donaldson, as a retired lieutenant commander, Mr. Henderson was not eligible to be deemed "preference eligible." *See* 5 U.S.C. § 2108(4)(b).[3] We do not find this argument persuasive.

As an initial matter, the agency admits now that Mr. Henderson was not, in fact, preference eligible. *See* Appellee Br. 16. However, any error by the agency attorney did not infect the hiring process because, as demonstrated by the record before us, Mr. Henderson was not considered preference eligible by the agency. Further, neither the AJ nor the Board relied on the agency attorney's error in the *Initial Decision* or the *Final Decision*. In fact, in the *Final Decision*, the Board specifically pointed out that Mr. Henderson was "not a preference eligible." *See Final Decision* at 2. Moreover, Mr. Henderson's status as preference eligible or not is irrelevant here because, as a veteran with three or more years of continuous service under honorable conditions, he was eligible to apply under the merit promotion process. *See* 5 U.S.C. § 3304(f)(1)[4]; 5 C.F.R. § 335.106. Thus, the error by the

------

[3]    This statute provides, in relevant part, that "'preference eligible' does not include a retired member of the armed forces unless . . . the individual retired below the rank of major or its equivalent." The rank of lieutenant commander in the Coast Guard (and Navy) is the equivalent of the rank of major in the Army, Air Force, and Marines.

[4]    This statute provides: "Preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the an-

agency attorney regarding Mr. Henderson's status had no impact on the prior proceedings or the hiring process, and does not provide grounds to disturb the *Final Decision*.

Second, Mr. Donaldson asserts that an executive Memorandum issued on May 11, 2010, titled "Presidential Memorandum – Improving the Federal Recruitment and Hiring Process" (the "Memorandum") prohibits agencies from simultaneously using both the competitive evaluation process and the merit promotion process. Specifically, Mr. Donaldson relies on the statement in the Memorandum that "Agency heads shall . . . adopt hiring procedures that . . . provide for selection from among a larger number of qualified applicants by using the 'category rating' approach . . . rather than the 'rule of 3' approach, under which managers may only select from among the three highest scoring applicants." This statement, however, does not preclude the simultaneous use of both hiring processes. Instead, it provides authority for the heads of executive agencies to utilize the "category rating" approach, *see* 5 U.S.C. § 3319,[5] rather than being required to select from the top three candidates under the "rule of three" approach, *see* 5 U.S.C. 3318(a). The statement does not make the "category rating" approach mandatory, but rather merely requires agencies to adopt

---

nouncement will accept applications from individuals outside its own workforce under merit promotion procedures."

[5] Under the category rating approach, an agency develops a rating policy that describes how applicants will be evaluated and placed in two or more quality categories. *See* 5 U.S.C. § 3319(a). When filling a position under the category rating approach, the agency selects from within the highest quality category regardless of the number of candidates, with preference-eligible applicants receiving preference within each category. *See* 5 U.S.C. §§ 3319(b)–(c).

procedures that allow them to use that *alternative* approach. *See* 5 U.S.C. § 3319 (titled "Alterative Ranking and Selection Procedures"); *see also* 5 U.S.C. § 3319(a) (stating that agencies "may establish category rating systems"). The Memorandum does not, as argued by Mr. Donaldson, "remove discretion from federal agencies when filling vacancies when using dual advertisements" or "render[] moot" this court's decisions in *Joseph* and *Dean*. Because the Memorandum does not conflict with the propriety of an agency simultaneously using both hiring processes, we reject Mr. Donaldson's argument.

Finally, Mr. Donaldson asserts that the AJ erred by docketing a separate appeal for the Whistleblower Claims at issue in appeal No. 2012-3161. We conclude that the AJ properly separated the Whistleblower Claims as a separate IRA appeal. *See Initial Decision* at 3; *see also Wooten v. Dep't of Veterans Affairs*, 96 M.S.P.R. 671, 675 n.* (2004) ("If the appellant asserts that the Board has jurisdiction over this [whistleblower] claim as an IRA appeal, the AJ shall docket that claim as a separate IRA appeal."). Thus, in this decision, we will not address the merits of Mr. Donaldson's arguments relating to the Whistleblower Claims.

We have considered the other arguments raised by Mr. Donaldson and do not find them persuasive.

## V.

Because the final decision of the Board in this case is supported by substantial evidence and is free of legal error, it is *affirmed*.

**AFFIRMED**

COSTS

No costs.