NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARRY L. PRICE,**
*Petitioner*

**v.**

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,**
*Respondent*

---

2015-3014

---

Petition for review of the Merit Systems Protection Board in No. CH-4324-12-0740-I-1.

---

Decided: May 7, 2015

---

LARRY L. PRICE, Belleville, IL, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before PROST, *Chief Judge,* LOURIE and CHEN, *Circuit Judges.*

PER CURIAM.

Larry L. Price petitions for review of a final order of the Merit Systems Protection Board ("Board") denying his requests for corrective action under the Veterans Employment Opportunities Act ("VEOA") and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Because Mr. Price has not shown any reversible error by the Board, we affirm the Board's decision.

## DISCUSSION

Federal agencies can use two types of selection processes to fill vacancies. *Joseph v. FTC,* 505 F.3d 1380, 1381 (Fed. Cir. 2007). One process is competitive examination that is open to non-agency employees. *Id.* In a competitive examination, the selecting official chooses from a list of qualified candidates, each given a numerical rating. *Id.* As a preferential treatment, the numerical ratings for veterans in competitive examinations are increased. *Id.* (citing 5 U.S.C. § 3309). The other selection process is merit promotion, which is typically limited to agency employees and certain other federal employees. *Id.* VEOA created a new preferential treatment for veterans to compete through the merit promotion process that would have been otherwise closed to them. *See* 5 U.S.C. § 3304(f)(1); 5 C.F.R. § 335.106 ("Special selection procedures for certain veterans under merit promotion."). *Id.* However, the veterans' rating bonus available in competitive examinations does not apply in merit promotions. *Joseph,* 505 F.3d at 1382; *see* 5 U.S.C. § 3304(f)(3).

The Department of Housing and Urban Development ("HUD") advertised the General Engineer and Project Manager vacancies in St. Louis at issue under both the merit promotion and competitive examination announcements. Mr. Price applied for the General Engineer vacancy through both announcements and for the Project Manager vacancy through only the merit promotion announcement. He was not selected for either vacancy. Mr. Price challenges his non-selection for the General Engineer vacancy as violating both VEOA and USERRA. Mr. Price challenges his non-selection for the Project Manager vacancy as violating USERRA.

Under USERRA, Mr. Price argues that HUD's use of dual announcements under both the competitive examination and the merit promotion procedures was per se discriminatory against veterans. Mr. Price contends that HUD cannot prove that it would have made the same non-selection of him in the absence of his status as a veteran.

Mr. Price's contention is misplaced, however, because he bears "the initial burden of showing" that his military service was "a substantial or motivating factor" in the adverse employment action. *See Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001) (quoting *NLRB v. Transp. Mgmt. Corp.*, 462 U.S 393, 400-01 (1983)). We find no error in the conclusions by the Board and the administrative judge that Mr. Price failed to provide any evidence to carry his initial burden. Indeed, if Mr. Price were not a veteran, he would not receive any rating bonus in competitive examinations and would not have been allowed to apply for merit promotions. In that scenario, there is nothing in the record to suggest that Mr. Price would have been selected for either vacancy at issue.

Under VEOA, Mr. Price's grievance on his non-selection for the General Engineer vacancy centers on his lack of a rating bonus on the merit promotion list of

qualified candidates. HUD filled this vacancy with a candidate who received a 100.00 rating on the merit promotion list at grade 13. Mr. Price, included on the merit promotion list at grade 12, also received a 100.00 rating. According to Mr. Price, if he had received a 5-point bonus, his rating would have been 105, thus entitling him to be selected for this vacancy. Mr. Price acknowledges, however, that he would only receive the rating bonus in competitive examinations. Mr. Price thus advances two key contentions.

First, Mr. Price contends that the Board and the administrative judge were wrong in finding that HUD had not prepared a list of qualified candidates from the parallel competitive announcement. Mr. Price believes that a list of qualified candidates from the parallel competitive announcement was prepared and that he was listed with the highest rating because of the veterans' rating bonus. *See* J.A. 25. Mr. Price argues that HUD denied the existence of a competitive examination list for this vacancy to justify his non-selection. In support, Mr. Price quotes from the selecting official's memorandum documenting that she reviewed the "*selection **rosters** for the subject position*." Pet'r's Br. 8. The use of the plural form "rosters" along with a subject line referring to both merit promotion and competitive announcements, according to Mr. Price, meant that the selecting official had the list of qualified candidates from both announcements in her possession.

This inference suggested by Mr. Price, however, was contradicted by direct evidence in the record. The selecting official testified that she made the final selection from the merit promotion list of qualified candidates without waiting for the competitive examination list because of time constraints imposed by the end of the fiscal year. *See* J.A. 72-73, 98. This testimony was corroborated by HUD's human resources specialist who was in charge of issuing the lists of qualified candidates in competitive

examinations. J.A. 105-06. The human resources specialist further explained that competitive examinations usually receive far more applicants and thus their lists of qualified candidates take longer to prepare than for merit promotions. *Id.* As such, there was substantial evidence to support the Board's factual finding that the list of candidates from the parallel competitive announcement was not prepared.

Second, Mr. Price contends that HUD violated VEOA by failing to consider candidates under competitive examination procedures. Specifically, Mr. Price argues that when an agency makes dual announcements under both the merit promotion and competitive examination procedures, VEOA requires the agency to consider veterans who applied through both announcements under both processes. Mr. Price's position is not supported by VEOA.

Under VEOA, "[a]n agency's simultaneous use of the competitive process and the merit promotion process is not of itself a violation of veterans preference." *Dean v. Consumer Prod. Safety Comm'n*, 548 F.3d 1370, 1373 (Fed. Cir. 2008). VEOA provides that eligible veterans "may not be denied the opportunity to compete for vacant positions for which the agency . . . will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1). We have explained that VEOA guarantees veterans "only a right to apply and an opportunity to compete" for certain merit promotion vacancies. *Joseph*, 505 F.3d at 1383. In competing for merit promotions, VEOA does not provide veterans a numerical rating bonus that may have been available in competitive examinations. *Id.* VEOA also says "nothing about the basis upon which the agency could make its selection." *Id.*

In support of his position, Mr. Price cites *Gingery v. Department of Veterans Affairs*, 114 M.S.P.R. 175 (2010). The issue in *Gingery* was that the agency failed to include

the veteran's name on the merit promotion list of qualified candidates, which "contained only the name of an internal candidate . . . ." 114 M.S.P.R. 175, ¶ 2. The veteran in *Gingery* was thus denied "a bona fide opportunity to compete" under VEOA. *Id.* at ¶ 11. In contrast, Mr. Price acknowledges that his name was included on the merit promotion list of qualified candidates. Pet'r's Br. 10 ("The Appellant was the only veteran listed on the Merit Certificate."). Mr. Price was therefore afforded a bona fide opportunity to compete for the merit promotion announcement, and that was the veterans' preference he was due under VEOA. Under VEOA, Mr. Price has not persuasively shown why HUD's failure to wait for the issuance of a list of qualified candidates from the parallel competitive announcement was illegal in this case.

For the General Engineer vacancy, Mr. Price further disputes the Board's factual findings of his qualifications compared to those of the selected candidate. The Board's findings were supported by substantial evidence. The evidence showed that Mr. Price did not have a bachelor's degree and that the selected candidate had a bachelor's degree in electrical engineering and a master's degree in manufacturing. *Compare* J.A. 185 *to* J.A. 178. The fact that both Mr. Price and the selected candidate both received a rating of 100.00 on the merit promotion list of qualified candidates did not mean there were no further qualifications that would distinguish one candidate from another. Mr. Price also argues that the administrative judge erred in denying Mr. Price's discovery motions and in admitting the testimony of agency witnesses because they were given "after the fact." We have no basis to reverse the Board or the administrative judge on Mr. Price's discovery grievances because Mr. Price has not shown what discovery he was denied and how the requested evidence was relevant. Likewise, Mr. Price has not shown why the challenged "after the fact" testimonies were wrongly admitted.

The scope of our review of the Board's decision is limited by statute. 5 U.S.C. § 7703(c). Within this limited scope of review, we discern no reversible error.[1]

**AFFIRMED**

COSTS

Each party shall bear their own costs.

---

[1] On appeal, Mr. Price filed an "Objection to Respondent's Untimely Filing," which was treated as a motion to strike HUD's corrected informal brief, and a motion for sanctions for filing and service of HUD's corrected informal brief. ECF Nos. 17, 23. We do not find, however, that HUD's actions warrant sanctions. We therefore deny Mr. Price's motions to strike and for sanctions. On April 27, 2015, Mr. Price moved to file a supplemental brief. ECF No. 25. This supplemental brief was not motivated by any late disclosure of evidence or legal theory by HUD. Rather, Mr. Price sought to assert additional arguments under the category rating system in 5 U.S.C. § 3319 based on five HUD vacancies that were publicly advertised on the USAJobs website. Because Mr. Price could have included those arguments under 5 U.S.C. § 3319 in his original appeal brief, we deny his motion file a supplemental brief. Even if we were to consider Mr. Price's supplemental brief, however, it would not change the fact that the General Engineer position was filled through the merit promotion announcement under which he was considered. Mr. Price's supplemental brief also would not show that VEOA authorizes any veterans' rating bonus in his application through a merit promotion announcement. Therefore, the arguments in Mr. Price's supplemental brief would not affect our affirmance of the Board's decision.