NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL P. BARRY,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2017-2142

---

Petition for review of the Merit Systems Protection Board in No. PH-3330-17-0056-I-1.

---

Decided: November 15, 2017

---

PAUL P. BARRY, Merritt Island, FL, pro se.

DOUGLAS GLENN EDELSCHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., TARA K. HOGAN; KEVIN F. PHILLIPS, Defense Logistics Agency, New Cumberland, PA.

---

Before MOORE, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Paul P. Barry appeals from a Merit Systems Protection Board (Board) decision dismissing his Veterans Employment Opportunities Act of 1998 (VEOA) claim on the merits and his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claim for lack of jurisdiction. Because the Board's decision is not legally erroneous and supported by substantial evidence, we *affirm*.

## BACKGROUND

In early 2016, Mr. Barry, a preference-eligible veteran, applied for a vacant position as a Program Analyst posted by the Defense Logistics Agency (Agency). The vacancy announcement was posted as a merit promotion announcement. The announcement required candidates to submit a questionnaire, and candidates received a score based on their responses. Sixty applicants had a score of 100, and at least 16 applicants, including Mr. Barry, had a score of 98. Consistent with a Master Labor Agreement covering the position, the Agency established a "cut-off score" of 100 to fill the position. The Agency subsequently notified Mr. Barry that he was not eligible for the position.

On August 2, 2016, Mr. Barry appealed this decision to the Board. He argued the Agency violated his veterans' preference rights under VEOA in connection with his non-selection. He also alleged discrimination based on his prior military service, in violation of USERRA.

In the initial decision, the Administrative Judge (AJ) denied Mr. Barry's claims for relief pursuant to VEOA and USERRA. The AJ found Mr. Barry was not deprived of a meaningful opportunity to apply for the position because he simply failed to meet the minimum cut-off score. She reasoned that because the Agency used a merit promotion process, VEOA did not entitle Mr. Barry to

additional points added to his score. She found Mr. Barry failed to produce evidence that his military service was a substantial or motivating factor in the Agency's action in support of his USERRA claim. The initial decision became the final decision of the Board on April 11, 2017. Mr. Barry appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a Board decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

"The VEOA provides preference eligible veterans with a right to file a claim for any agency hiring decision that violated the veteran's rights under a statute or regulation relating to veteran's preference." *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012) (citing 5 U.S.C. § 3330a). However, "the VEOA does not enable veterans to be considered for positions for which they are not qualified." *Id.* at 1319.

"[U]nder the merit promotion process, the position is only open to persons already employed by the agency and to veterans." *Dean v. Consumer Prod. Safety Comm'n*, 548 F.3d 1370, 1373 (Fed. Cir. 2008). "A preference eligible veteran is not entitled to veterans preference as to selection under the merit promotion process, but receives a right to apply and an opportunity to compete for the position." *Id.* (internal quotation marks and alteration omitted).

"The anti-discrimination provision of USERRA, 38 U.S.C. § 4311(a), states that a person who is a member of a uniformed service shall not be denied 'initial employment, reemployment, retention in employment, promo-

tion, or any benefit of employment' on the basis of his membership in the military or performance of military service." *Kitlinski v. Merit Sys. Prot. Bd.*, 857 F.3d 1374, 1379 (Fed. Cir. 2017). To establish that the Board has jurisdiction over his USERRA discrimination claim, Mr. Barry "must make a nonfrivolous allegation that his military service was 'a substantial or motivating factor' in the agency's action in question." *Id.* at 1379–80.

On appeal, Mr. Barry argues that the Agency's use of coding and other automated tools, allegedly without human review, caused his non-consideration and non-selection. Citing *Lazaro*, 666 F.3d at 1318, Mr. Barry argues the Agency should have considered more factors in the selection process. *Lazaro*, however, did not involve a job vacancy pursuant to a merit promotion process, and Mr. Barry identifies no legal error in the Agency's use of the merit promotion process or its adoption of a cut-off score of 100 to fill the vacancy. He claims the cut-off score was not equally applied between veterans groups, but substantial evidence supports the Board's finding that the Agency applied the same cut-off score to all applicants. The Board correctly applied the law to Mr. Barry's VEOA claim and substantial evidence supports its underlying findings.

The Board properly dismissed Mr. Barry's USERRA claim because he has not made nonfrivolous factual allegations suggesting he was discriminated against based on his military service. The Board set forth the jurisdictional standard for Mr. Barry's USERRA claim. It found Mr. Barry "failed to produce either direct or circumstantial evidence that his military service was a substantial or motivating factor in the agency's action." Although the Board's acknowledgement order did not advise Mr. Barry of the requirements to establish Board jurisdiction over his USERRA claim, the Agency advised him in its motion on jurisdiction before Mr. Barry responded to the Board's acknowledgement order with his proof of jurisdic-

tion.  Thus, there is no prejudicial error.  We hold that the Board properly dismissed Mr. Barry's USERRA claim for lack of jurisdiction.

Mr. Barry argues that under *Kirkendall v. Department of the Army*, 479 F.3d 830, 844–46 (Fed. Cir. 2007) (en banc), he has a right to a hearing on the merits of his USERRA claim.  In *Kirkendall,* we held a USERRA claimant has a right to a hearing upon request.  479 F.3d at 844–46.  We did not hold the Board should hold a hearing on the merits of a claim over which it has no jurisdiction.  Likewise, we did not hold that there must be a hearing on jurisdiction.

We have considered Mr. Barry's remaining arguments and find them unpersuasive.

## AFFIRMED

### COSTS

No costs.