**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOSEPH D. EARLY,

      Petitioner,

    v.

OFFICE OF PERSONNEL
  MANAGEMENT,

      Agency.

DOCKET NUMBERS
CB-1205-17-0011-U-1
CB-1205-18-0020-U-1

DATE: April 4, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joseph D. Early</u>, Pittsburgh, Pennsylvania, pro se.

<u>Julie Ferguson Queen</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The petitioner requests that we review 5 C.F.R. § 302.101(c)(8), a provision of an Office of Personnel Management (OPM) regulation that exempts attorney

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

positions from certain appointment procedures, and 5 C.F.R. § 335.103, an OPM regulation governing agency merit promotion plans. The two petitions present similar issues related to veterans' preference requirements, and therefore we JOIN them for consideration. *See* 5 C.F.R. § 1201.36(a)(2) (joinder occurs when one person has filed two or more appeals and they are united for consideration). For the reasons set forth below, we DENY the petitioner's requests because they do not meet our discretionary review criteria.

## BACKGROUND

¶2 The petitioner is a preference-eligible veteran who applied, but was not selected, for excepted-service attorney positions with the Department of Veterans Affairs (VA). In his first petition, *Early v. Office of Personnel Management*, MSPB Docket No. CB-1205-17-0011-U-1, Request File (0011 RF), Tab 1, he challenges the validity of 5 C.F.R. § 302.101(c)(8). That provision states the following:

> *Positions exempt from appointment procedures*. In view of the circumstances and conditions surrounding employment in the following classes of positions, an agency is not required to apply the appointment procedures of this part to them, but each agency shall follow the principle of veteran preference as far as administratively feasible and, on the request of a qualified and available preference eligible, shall furnish him/her with the reasons for his/her nonselection. Also, the exemption from the appointment procedures of this part does not relieve agencies of their obligation to accord persons entitled to priority consideration (*see* § 302.103) their rights under 5 U.S.C. 8151:
>
> . . .
>
> (8) Attorney positions . . . .

5 C.F.R. § 302.101(c)(8).

¶3 The petitioner contends that section 302.101(c)(8) "unlawfully purports to exempt agencies from complying with veterans' preference requirements when hiring for attorney positions." 0011 RF, Tab 1 at 2, 5. He primarily focuses on

two requirements:  the application of preference points when attorney applicants are scored and ranked, and the rights afforded to preference-eligible candidates when a hiring agency decides to "pass over" him or her in favor of a nonpreference-eligible candidate.  *See* 0011 RF, Tab 9 at 5 (alleging that the VA "does not add points to an applicant's unassembled examination score nor does OPM require any sort of pass over procedures").  OPM responds that the Board should deny the request because the petition does not meet the Board's prudential criteria for review.  0011 RF, Tab 8 at 21.[3]  In particular, OPM points out that the Board's reviewing court, the U.S. Court of Appeals for the Federal Circuit, has upheld the validity of  5 C.F.R. § 302.101(c)(8) in two precedential opinions, *Patterson v. Department of the Interior*, 424 F.3d 1151 (Fed. Cir. 2005), and *Jarrard v. Department of Justice*, 669 F.3d 1320 (Fed. Cir. 2012).  *Id*. at 12.  In his reply, the petitioner asserts that *Patterson* and *Jarrard* are distinguishable.  0011 RF, Tab 9 at 5-9.

¶4        In his second request for regulation review, the petitioner challenges the simultaneous use of the competitive examination process and a merit promotion plan for a single position.  *Early v. Office of Personnel Management*, MSPB Docket No.  CB-1205-18-0020-U-1, Request File (0020 RF), Tabs 1, 9.  OPM's regulation at  5 C.F.R. § 335.103 authorizes agencies to devise and utilize merit promotion plans "to insure a systematic means of selection for promotion according to merit."  5 C.F.R. § 335.103(a).[4]  The petitioner contends that the regulation violates veterans' preference requirements by (1) not following the rule that an agency must select from among the top three applicants on the register corresponding to that position; (2) permitting agencies to select

---

[3]  When referring to pleadings filed electronically, the Board cites to the computer-generated page numbering.

[4] In his reply, the petitioner states that he is also challenging 5 C.F.R. § 335.102, which delineates an agency's authority to promote, demote, or reassign its employees, and 5 C.F.R. § 211.102(d)(6), which states that "veterans' preference does not apply . . . to in-service placement actions such as promotions."  0020 RF, Tab 9 at 4.

candidates from more than one certificate of eligibles; (3) bypassing the rights afforded to a preference-eligible veteran when an agency decides to "pass over" him or her in favor of a nonpreference-eligible candidate; and (4) not following alternative ranking and selection procedures. 0020 RF, Tab 1. OPM responds that the Board should deny the request because the petition does not meet the Board's prudential criteria for review. 0020 RF, Tab 8. In particular, OPM notes that the Federal Circuit upheld the validity of merit promotion plans in *Joseph v. Federal Trade Commission*, 505 F.3d 1380 (Fed. Cir. 2007). 0020 RF, Tab 8 at 8-9. In his reply, the petitioner argues that *Joseph* did not address his argument that an agency must select applicants from a single certificate. 0020 RF, Tab 9 at 4.

## ANALYSIS

Jurisdiction

¶5        A petitioner generally establishes the Board's jurisdiction under 5 U.S.C. § 1204(f) by describing in detail the reasons why an OPM regulation, either on its face or as implemented, would require an employee to commit a prohibited personnel practice; by specifically identifying the prohibited personnel practice at issue; and by explaining the action the requester would like the Board to take. 5 U.S.C. § 1204(f)(2); 5 C.F.R. § 1203.11(b); *see Di Jorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992). Here, the petitioner alleges that 5 C.F.R. § 302.101(c) "unlawfully purports to exempt agencies from complying with veterans' preference requirements when hiring for attorney positions," in violation of 5 U.S.C. § 2302(b)(11)[5] and (b)(12).[6] 0011 RF, Tab 1 at 10-11.

---

[5] Pursuant to 5 U.S.C. § 2302(b)(11), it is a prohibited personnel practice to "(A) knowingly take, recommend, or approve any personnel action if the taking of such action would violate a veterans' preference requirement; or (B) knowingly fail to take, recommend, or approve any personnel action if the failure to take such action would violate a veterans' preference requirement."

[6] Under 5 U.S.C. § 2302(b)(12), it is a prohibited personnel practice to "take or fail to take any other personnel action if the taking of or failure to take such action violates

Similarly, the petitioner argues that 5 C.F.R. § 335.103 violates 5 U.S.C. § 2302(b)(11) and (b)(12) because it allows hiring agencies to circumvent certain preference-eligible requirements. 0020 RF, Tab 1 (continuation sheet). The petitioner's allegations are sufficient to establish our regulation review jurisdiction under 5 U.S.C. § 1204(f).

Exercise of Discretion

¶6      Our regulation review authority, however, is discretionary. *See* 5 U.S.C. § 1204(f)(1)(B) (providing that the Board grants a petition for regulation review "in its sole discretion"); *Clark v. Office of Personnel Management*, 95 F.3d 1139, 1141 (Fed. Cir. 1996) (recognizing that Congress explicitly authorized the Board to review directly any provision of any OPM rule or regulation and stated that the decision whether to grant such review was in the Board's "sole discretion"). To guide us in deciding whether to exercise our discretion, we consider, among other things, the likelihood that the issue will be timely reached through ordinary channels of appeal, the availability of other equivalent remedies, the extent of the regulation's application, and the strength of the arguments against the validity of its implementation. *McDiarmid v. U.S. Fish and Wildlife Service*, 19 M.S.P.R. 347, 349 (1984). Upon careful consideration of these factors, we decline the petitioner's requests for regulation review.

### *Ordinary Channels of Appeal*

¶7      The issues raised by the petitioner could be timely reached through ordinary channels of appeal. The Veterans Employment Opportunities Act of 1998 (VEOA) provides that a preference-eligible veteran "who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor." 5 U.S.C. § 3330a(a)(1); *see Dean v. Department of Labor*, 808 F.3d 497, 499 (Fed. Cir.

---

any law, rule, or regulation implementing, or directly concerning, the merit system principles" set forth at 5 U.S.C. § 2301.

2015) (VEOA provides a remedy for a preference-eligible veteran who alleges that an agency has violated his rights under any statute or regulation relating to veterans' preference). In fact, the petitioner has previously filed VEOA complaints with the Department of Labor, and subsequent appeals to the Board, when he was not selected for attorney positions with the VA. *See* 0011 RF, Tab 1 at 11-12. In his VEOA appeals, the petitioner alleged that the VA did not properly award him the preference to which he is entitled under the Veterans' Preference Act of 1944 (VPA), Pub. L. No. 78-359, 58 Stat. 387. *Id*. at 11. The petitioner states that he voluntarily withdrew his VEOA appeals because in both instances the VA appointed another preference-eligible applicant. *Id*.; *see Early v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-16-0343-I-1, Initial Decision (July 20, 2016) (granting request to withdraw appeal); *Early v. Department of Veterans Affairs*, MSPB Docket No. PH-3330-15-0318-I-1, Initial Decision (July 22, 2015) (granting request to withdraw appeal). Nevertheless, the petitioner's VEOA appeals demonstrate that the issues he presents here may be timely reached through ordinary channels of appeal. We note that, in addition to VEOA, the petitioner may be able to present his claims under the Uniformed Services Employment and Reemployment Rights Act (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) if he believes an agency did not select him due to his prior military service. *See Patterson*, 424 F.3d at 1161.

*Equivalent Remedies*

¶8        In the context of a VEOA or USERRA appeal, the Board could consider the petitioner's claims regarding the validity of applicable OPM regulations. *See, e.g.*, *Gingery v. Department of Defense*, 550 F.3d 1347, 1354 (Fed. Cir. 2008) (holding that 5 C.F.R. § 302.401(b) is invalid because it does not give effect to the unambiguously expressed intent of Congress as expressed in the VPA). Because VEOA and USERRA provide a procedure for the petitioner to contest

both his nonselection and the validity of the challenged regulations, we conclude that equivalent remedies are available.

*Extent of Challenged Regulations' Application*

¶9　　　We find that the third factor—the extent of the regulations' application—weighs in favor of review. The regulatory provisions challenged in MSPB Docket No. CB-1205-17-0011-U-1 affect all preference-eligible applicants for attorney positions in the excepted service, and those at issue in MSPB Docket No. CB-1205-18-0020-U-1 concern applicants who apply for positions where a merit promotion plan is used along with competitive examination. Therefore, both petitions are broad enough to warrant our review. *Cf. Brown v. Office of Personnel Management*, 91 M.S.P.R. 314, ¶ 5 (2002) (finding that the challenged rule had "very limited application" because it applied only to "one installation of one Federal agency").

*Strength or Weakness of Petitioner's Arguments*

¶10　　　As OPM notes, the strength or weakness of a petitioner's arguments, by itself, may be the dispositive factor. *See* 0011 RF, Tab 8 at 3 (citing *Ward v. Office of Personnel Management*, 79 M.S.P.R. 623, 626 (1998); *Senior Executives Association v. Office of Personnel Management*, 67 M.S.P.R. 643, 653-54 (1995)). Here, as the petitioner acknowledges, there are Federal Circuit decisions that present obstacles to his arguments. 0011 RF, Tab 1 at 1, 6-11; 0020 RF, Tab 9 at 4-6.

¶11　　　The petitioner contends that 5 C.F.R. § 302.101(c) "unlawfully purports to exempt agencies from complying with veterans' preference requirements when hiring for attorney positions," in violation of 5 U.S.C. § 2302(b)(11). 0011 RF, Tab 1 at 2, 5. He focuses on two veterans' preference requirements: the application of preference points when attorney applicants are scored and ranked, and the rights afforded to a preference-eligible veteran when a hiring agency decides to "pass over" him or her in favor of a nonveteran candidate. These

issues have been addressed in *Patterson* and *Jarrard*, precedential decisions issued by the Federal Circuit, which is our reviewing court. *See* 5 U.S.C. § 7703(b)(1); *Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39 (decisions of the Federal Circuit are "controlling authority on the Board"), *aff'd*, 844 F.2d 775 (Fed. Cir. 1987).

¶12  In *Patterson*, a case brought pursuant to VEOA and USERRA, the Federal Circuit held that OPM has delegated authority from the President under 5 U.S.C. § 3302(1) to except attorney positions from the competitive service. 424 F.3d at 1155 n.4. The court held that 5 C.F.R. § 301.102(c)(8) (codified as (c)(9) at the time of the decision) "represents a reasonable interpretation of how 5 U.S.C. §§ 3309 and 3320 apply to attorney positions within the excepted service" and that OPM's positive factor test[7] was a reasonable way of following the principle of veterans' preference as far as administratively feasible in the case of a preference eligible applying for an excepted-service attorney position. *Id.* at 1159-1160. The petitioner maintains that *Patterson* is not dispositive of his "rating and ranking" claim because "the validity of the regulation was only challenged in relation to 5 U.S.C. § 3309 and not in relation to 5 U.S.C. § 3318, 5 U.S.C. § 1104, or 5 U.S.C. § 1302, as I am doing here." 0011 RF, Tab 1 at 6. The court specifically noted, however, that OPM has the statutory authority and responsibility to enforce veterans' preference in the excepted service under 5 U.S.C. § 1302(c). *Patterson*, 424 F.3d at 1156. The court necessarily considered 5 U.S.C. § 3318 because that provision applies to the excepted service pursuant to section 3320. *Id.* at 1156-57. The petitioner states that the regulation violates 5 U.S.C. § 1104 "for failing to set standards," *see* 0011 RF, Tab 9 at 19, but that argument also appears to be contradicted by *Patterson*, which effectively

---

[7] OPM regulations provide that, when candidates for an excepted-service position are evaluated without numerical rankings, the hiring agency must use the veterans' preference as a "plus factor." 5 C.F.R. § 302.201(b); *see Patterson*, 424 F.3d at 1158-59.

validates the "positive factor test" as the standard applicable to consideration of preference-eligible applicants for excepted-service positions.

¶13    In *Jarrard*, a VEOA case, the Federal Circuit held that agencies filling excepted-service attorney positions are exempt from the "pass over" provisions of 5 U.S.C. § 3318 and are not required to file written reasons with OPM and seek OPM's permission before passing over a preference-eligible candidate.  669 F.3d at 1326.  The petitioner faults the *Jarrard* court for relying on "misguided and meritless" opinions from the Office of Legal Counsel (OLC) at the Department of Justice that the petitioner believes "misstate facts and misinterpret law."  0011 RF, Tab 1 at 7-8.  The petitioner's disagreements with the analysis in *Jarrard*, including the adoption of OLC's analysis, do not present strong arguments given that *Jarrard* is binding precedent on the Board.

¶14    Similarly, with respect to 5 C.F.R. § 335.103, the Federal Circuit has held that merit promotion procedures do not violate veterans' preference rights.  *Joseph*, 505 F.3d at 1383-84.  The petitioner states that *Joseph* did not address whether a hiring agency is required to use a single certificate.  0020 RF, Tab 9 at 4.  The petitioner asserts that an agency may not simultaneously use both merit promotion and competitive examination to fill the same position.  In *Joseph*, the court noted that Joseph did not challenge the hiring agency's "simultaneous use of the open competition examination process (in which his veterans' ten-point preference was recognized) and the merit promotion process (in which that preference was not recognized) to fill a single position."  *Joseph*, 505 F.3d at 1383.  But even if the issue was not squarely addressed in *Joseph*, it was decided a year later in *Dean v. Consumer Product Safety Commission*, 548 F.3d 1370, 1373 (Fed. Cir. 2008).  There, the court held that "[a]n agency's simultaneous use of the competitive process and the merit promotion process is not of itself a violation of veterans' preference."  *Dean*, 548 F.3d at 1373.

¶15    Taken as a whole, the *McDiarmid* factors weigh against review.  The likelihood that the issue will be timely reached through ordinary channels of

appeal, the availability of other equivalent remedies, and the existence of binding Federal Circuit precedent persuade us not to exercise our discretion to review the petitioner's challenge to the validity of 5 C.F.R. §§ 302.101(c)(8) and 335.103. *McDiarmid*, 19 M.S.P.R. at 349.

## ORDER

¶16     Accordingly, the petitioner's requests for regulation review are denied. This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[8] The Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.