# United States Court of Appeals for the Federal Circuit

---

**THOMAS G. JARRARD,**

*Petitioner,*

**v.**

**DEPARTMENT OF JUSTICE,**

*Respondent.*

---

**THOMAS G. JARRARD,**

*Petitioner,*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**

*Respondent.*

---

2011-3050, -3051

---

Petitions for review of the Merit Systems Protection Board in case nos. SF3330100815-I-1 and SF3330100024-I-1.

---

Decided: January 13, 2012

---

THOMAS G. JARRARD, Spokane, Washington, argued.

TARA K. HOGAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, BRIAN M. SIMKIN, Assistant Director, and JILL WEISSMAN, Assistant General Counsel. Of counsel was ANUJ VOHRA, Trial Attorney.

---

Before RADER, *Chief Judge*, DYK and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

In these consolidated appeals, attorney Thomas G. Jarrard ("Jarrard") petitions for review of two decisions of the Merit Systems Protection Board ("Board") denying his request for corrective action under the Veterans Employment Opportunities Act of 1998 ("VEOA"). *See Jarrard v. Soc. Sec. Admin.* ("*Board SSA Decision*"), 2010 M.S.P.B. 207 (Oct. 28, 2010); *Jarrard v. Dep't of Justice* ("*Board DOJ Decision*"), No. SF-3330-10-0815-I-1, 2010 M.S.P.B. LEXIS 6400 (Nov. 3, 2010). We affirm.

## BACKGROUND

Jarrard is a veteran with a service-connected disability rated at eighty percent, which makes him a "preference eligible" veteran under 5 U.S.C. § 2108(3)(C). He applied for attorney positions at the Social Security Administration ("SSA") in 2009 and at the U.S. Attorney's Office for the Eastern District of Washington ("DOJ") in 2009 or 2010, informing both agencies that he was a preference eligible veteran. Both agencies selected other applicants, at least one of whom was a non-preference eligible.

Jarrard filed complaints with the Department of Labor under VEOA, which allows preference eligible veterans to challenge an agency's application of the veterans' preference requirements. *See id.* § 3330a(a)(1)(A). Jarrard complained that 5 U.S.C. § 3320[1] required that the agencies follow the veterans' passover provisions of 5 U.S.C. § 3318 in excepted service attorney hiring. Section 3318, which in terms applies only to the competitive service, requires agencies to "file written reasons" and to receive permission from the Office of Personnel Management ("OPM") if they "pass over a preference eligible" who is among "the highest three eligibles available for appointment" on a certificate furnished by OPM under section 3317(a). There is no dispute that these procedures were not followed by SSA and DOJ in this case.

The SSA concluded that section 3320 did not require the application of section 3318 to attorney positions because those positions are exempt from passover procedures under 5 C.F.R. § 302.101(c), and that Jarrard's preference eligible status was appropriately considered as only a "positive factor." Resp't Br. SA16. The DOJ similarly stated that "Mr. Jarrard was not the most qualified person for the position, considering all factors, including veterans' preference eligibility." *Id.* at SA15. After the Department of Labor found no violation, Jarrard appealed both decisions to the Board.

An initial administrative judge decision on Jarrard's claim against the SSA agreed with the SSA that section 3320 did not require the application of section 3318 to

---

[1]    Section 3320 provides that agencies "shall select for appointment to each vacancy in the excepted service in the executive branch . . . from the qualified applicants in the same manner and under the same conditions required for the competitive service by sections 3308-3318 of this title."

attorney positions and dismissed the appeal for failure to state a claim. *Jarrard v. Soc. Sec. Admin.*, No. SF-3330-10-0024-I-1, slip op. at 12 (Feb. 1, 2010). The full Board vacated this decision and denied Jarrard's SSA appeal on the merits. *Board SSA Decision*, 2010 M.S.P.B. 207, ¶ 1. The Board agreed with the SSA that attorneys are exempt from any examination or rating requirements. *Id.* ¶¶ 12, 19. The Board stated that section 3320 did not require application of the 3318 passover procedures because "application of section 3318 is conditioned on the preference eligible being 'on a certificate.'" *Board SSA Decision*, 2010 M.S.P.B. 207, ¶¶ 21. The Board held that "the agency's decision to treat the appellant's veterans' preference status as a positive factor in evaluating his application is consistent with OPM's requirement that the agency 'follow the principle of veteran preference as far as administratively feasible.'" *Id.* ¶ 27 (quoting 5 C.F.R. § 302.101(c)).

The initial administrative judge decision on Jarrard's appeal against the DOJ was issued the following week, and it followed the full Board decision in the SSA appeal and denied Jarrard's claim on the merits. *Board DOJ Decision*, No. SF-3330-10-0815-I-1, slip op. at 9-17. Jarrard timely appealed both decisions to this court, and we consolidated his appeals on March 31, 2011. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

We must affirm the Board's decisions unless they were "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review legal questions de novo. *Chambers v. Dep't of Interior*, 602 F.3d 1370, 1375 (Fed. Cir. 2010).

DISCUSSION

Federal agencies generally hire employees through either the "competitive service," which generally has specific hiring requirements and examinations, or the "excepted service," which involves more flexible hiring procedures. *See* 5 U.S.C. §§ 2102-2103, 3301-3305, 3307-3308; *Gingery v. Dep't of Defense*, 550 F.3d 1347, 1349 (Fed. Cir. 2008). This case involves attorney hiring for the excepted service. *See* 5 C.F.R. § 213.3102(d) (placing attorneys within the excepted service). Within the excepted service, OPM has exempted certain positions from the normal appointments process, including attorney positions, and confidential or policy-making positions. 5 C.F.R. § 302.101(c).

When agencies hire for the competitive service, the Veterans Preference Act ("VPA") requires them to give advantages to certain veterans and their families, who are referred to as "preference eligibles." 5 U.S.C. § 2108(3) (defining "preference eligible"); *id.* §§ 3309-3318 (describing advantages in competitive service hiring). As a general matter, these veterans' preference procedures also apply to hiring in the excepted service through 5 U.S.C. § 3320, which provides that the excepted service shall be filled "in the same manner and under the same conditions required for the competitive service by sections 3308-3318." The legislative history of section 3320 sheds little light on the meaning of this provision.[2] Within the

---

[2] The revision notes in the U.S. Code from this section's 1966 enactment state that it "continues, and does not in any way change, the requirements in former section 858 relative to the selection of applicants for positions in the excepted service." 5 U.S.C. § 3320 (2006) revision notes; *see* Pub. L. No. 89-554, § 3320, 80 Stat. 378, 422 (1966). Former section 858, which was enacted with the VPA in 1944, stated that "[i]n the unclassified

excepted service category, certain positions (including attorney positions) are further exempted from the usual appointment procedures by 5 C.F.R. § 302.101(c), but these regulations require veterans' preference to be followed "as far as administratively feasible." As we confirmed in *Patterson v. Department of Interior*, 424 F.3d 1151 (Fed. Cir. 2005), where positions are entirely exempt from the usual appointment process, it is more likely that the detailed requirements of the VPA will prove to be infeasible.

In two prior cases we have considered the meaning of section 3320, and we have essentially construed that provision as requiring that VPA procedures be applied to excepted service hiring to the extent that it is administratively feasible to do so. That is, we adopted the same construction of section 3320 that OPM adopted in its regulations with respect to attorneys and other positions exempt from the usual appointment procedures. *See* 5 C.F.R. § 302.101(c) (stating that for exempted positions, "each agency shall follow the principle of veteran preference as far as administratively feasible").

In *Patterson*, the veteran applicant for an attorney position challenged the agency's failure to apply section 3309, which requires "[a] preference eligible who receives a passing grade in an examination" to receive "additional points above his earned rating." 424 F.3d at 1154 (quoting 5 U.S.C. § 3309). We determined that "Congress has

---

. . . civil service . . . [the] appointing officer . . . shall make selection from the qualified applicants in accordance with the provisions of this chapter." 5 U.S.C. § 858 (1964); *see* VPA, Pub. L. No. 78-359, § 9, 58 Stat. 387, 389-90 (1944). The 1944 Senate committee report simply stated that this section "provides for the application of the provisions of the act to positions and employment in the unclassified service." S. Rep. No. 78-907, at 3 (1944).

not spoken on the issue of how to apply the principles of veterans' preference to positions within the excepted service that are not subject to examination," and that OPM's regulations are thus entitled to *Chevron* deference. *Id.* at 1158-59. We concluded that OPM's exemption of attorneys from excepted service veterans' preference hiring procedures at 5 C.F.R. § 302.101(c)(9) is "reasonable and consistent with the VPA" because "agencies do not use numerical scores in assessing applicants for [attorney] positions." 424 F.3d at 1159. Instead, OPM agreed that the agency "must consider veteran status as a 'positive factor' in reviewing applications," which we found to "represent[] a reasonable balance between the goals of the VPA and the flexible hiring standards employed by the excepted service for filling attorney vacancies." *Id.*

In *Gingery*, the preference-eligible veteran was applying for an auditor position within the Federal Career Intern Program ("FCIP"), and he challenged the agency's failure to apply section 3318 pursuant to section 3320. 550 F.3d at 1350. FCIP auditors are in the excepted service, but unlike attorneys, they are not exempted from OPM's hiring requirements for the excepted service under 5 C.F.R. § 302.101 and are selected from certificates. *See* 550 F.3d at 1350. The agency applied OPM regulation 5 C.F.R. § 302.401(b), which required an agency passing over a preference-eligible candidate only to "record its reasons" and "furnish a copy" to the candidate if requested. 550 F.3d at 1350. We held this regulation invalid as inconsistent with the more stringent requirements of section 3318. 550 F.3d at 1354. We noted that unlike section 3309, at issue in *Patterson*, which required an examination, section 3318 did not. While section 3318 required hiring from a certificate, the auditor position was filled from a certificate, so nothing "would preclude appli-

cation of § 3318 to the excepted service under § 3320." 550 F.3d at 1353.

This case presents the question whether it is administratively feasible to apply the provisions of section 3318 to attorney hiring in the excepted service. The government contends that it is not feasible because federal statutes bar agencies from rating attorneys in government hiring. We first consider the statutes governing attorney hiring, and then consider whether the existence of these provisions renders impractical the application of the 3318 passover procedures to attorney hiring.

I

For many years, the procedures for government attorney hiring have been limited by federal statute. The background of this provision is important in understanding its scope. In 1939, President Roosevelt appointed a committee to make recommendations on how civil service procedures should apply to attorneys. Exec. Order No. 8044, 4 Fed. Reg. 497 (Jan. 31, 1939). The committee disagreed on the best approach. A few members proposed "Plan B," under which attorney applicants would be ranked based on the results of an examination, like other civil service applicants. *See* Veterans Preference Act (5 U.S.C. §§ 2108, 3309-3320)—Hiring Procedures for Attorneys—Excepted Service—Preference Hiring of Eligible Veterans, 3 Op. O.L.C. 140, 143 (1979) ("1979 OLC Memo") (citing H.R. Doc. No. 77-118 (1941)). Roosevelt instead selected "Plan A," which did not involve numerical rankings, and in 1941 he created the Board of Legal Examiners within the Civil Service Commission (the predecessor to OPM) to develop examinations for attorney applicants and "a register or registers of eligibles from which attorney positions in the classified service shall be filled." Exec. Order No. 8743, 6 Fed. Reg. 2117, 2117

(Apr. 23, 1941), *reprinted as amended in* 5 U.S.C. § 3301 notes. Congress was dissatisfied with the concept, and the Board of Legal Examiners was short-lived.

Congress first refused appropriations to the Board of Legal Examiners in the Independent Offices Appropriation Act of 1944, stating that "no part of any appropriation in this Act shall be available for the salaries and expenses of the Board of Legal Examiners." Pub. L. No. 78-90, 57 Stat. 169, 173 (1943). Nearly identical restrictions have continued to this day. *See, e.g.*, Consolidated Appropriations Act, 2010, Pub. L. No. 111-117, § 516, 123 Stat. 3034, 3195 (2009) ("[N]o part of this appropriation shall be available for salaries and expenses of the Legal Examining Unit of the Office of Personnel Management . . . or any successor unit of like purpose . . . ."); Continuing Appropriations Act, 2011, Pub. L. No. 111-242, § 101, 124 Stat. 2607, 2607 (2010) (continuing the appropriations of the Consolidated Appropriations Act, 2010, unless "otherwise specifically provided for," and making no separate appropriation for OPM or attorney hiring). The Senate floor debate on the 1944 appropriations restriction made clear that the purpose of this amendment was to "prohibit[] from now on any civil-service examination of lawyers" because "the idea of the Civil Service Commission reporting on lawyers and their ability and fairness and their relative qualifications . . . is something that cannot be done." 90 Cong. Rec. 2659-60 (1944). This restriction was passed despite its effects on the veterans' preference requirements; indeed, Senator Burton opposed the bill specifically because it would "mak[e] impossible the application to [lawyers] of the veterans' preference provisions." *Id.* at 2661.

In 1977, the Civil Service Commission determined that the DOJ's attorney hiring did not satisfy the VPA's requirements and proposed that a "numerical rating

system" be used for attorney hiring. *See* Veterans Preference Act (5 U.S.C. §§ 2108, 3309-3320)—Application to Attorney Positions, 2 Op. O.L.C. 179, 179 (1978). The Office of Legal Counsel ("OLC") wrote a memorandum in 1978 to the Assistant Attorney General to explain why "the Commission does not have such authority." *Id.* The memorandum noted that "[t]he Commission's proposed rating system constitutes an attorney selection procedure because attorneys would be selected on the basis of their ratings." *Id.* at 181. In 1979, OLC wrote a more detailed memorandum to explain the relevant history to OPM (which had been created from the Civil Service Commission in 1978). 1979 OLC Memo. The OLC noted that the short-lived Board of Legal Examiners examined attorneys and reported "descriptive ratings" (such as "Excellent" or "Good") on the register from which attorney positions had to be filled, but that even the Board of Legal Examiners eschewed numerical rankings on the register. *Id.* at 144. Congress clearly rejected any assessment of the "relative qualifications" of lawyers in its appropriations restrictions. *Id.* at 145. Thus, as OLC concluded, "OPM is barred by its appropriation legislation from imposing a rating or other examination system on the hiring of attorneys within the executive branch." *Id.* at 140. While we are not bound by the OLC interpretation of the statute, we think it is correct and adopt it.

II

This leads to the second question: whether a bar on attorney examinations and ratings makes it not administratively feasible to apply the passover provisions of section 3318 to attorney hiring. OPM, which is charged with implementing the provisions of section 3320 by

virtue of 5 U.S.C. § 1302(c),[3] has concluded that the passover provisions cannot be applied to attorney hiring. Shortly after the OLC concluded that OPM was barred from rating or examining attorneys, OPM issued this final rule to amend 5 C.F.R. § 302.101(c):

> The Department of Justice has now ruled that the statutory restriction [in the appropriations acts] also prohibits [OPM] from prescribing use of a numerical rating system in the selection of attorneys. To implement this ruling, the regulations governing employment in the excepted service are amended to exempt attorney positions from the procedural requirements.

Employment in the Excepted Service, 44 Fed. Reg. 66,573, 66,573 (Nov. 20, 1979). Thus, 5 C.F.R. § 302.101(c)(9) lists "[a]ttorney positions" as a class of "[p]ositions exempt from appointment procedures" for the excepted service, for which agencies only need to "follow the principle of veteran preference as far as administratively feasible."

A bar on examinations alone would not make application of the passover provisions impractical: although in *Patterson* we held that examinations were a necessary predicate with respect to the section 3309 procedures, 424 F.3d at 1158, we reached a different result in *Gingery* with respect to section 3318, 550 F.3d at 1353. In *Gingery*, we held that the passover provisions must be applied to FCIP auditor hiring, finding that the application of section 3318 was not infeasible despite the absence of

---

[3]    Section 1302(c) provides: "The Office [of Personnel Management] shall prescribe regulations for the administration of the provisions of this title that implement the Congressional policy that preference shall be given to preference eligibles in certification for appointment, and in appointment . . . in the excepted service in Executive agencies . . . ."

examinations for auditor positions. *Id.* But the appropriations riders not only bar attorney examinations; they also bar attorney ratings. We think that this feature is indeed inconsistent with the passover provisions because on its face, section 3318 requires the submission of a certificate that ranks applicants, and "passing over" a preference eligible requires that he initially be among the "highest three eligibles . . . on the certificate furnished" by OPM. In contrast, there was no congressional bar with respect to ranking for the auditor position at issue in *Gingery*, and the applicant in *Gingery* was in fact ranked under "a category rating system," which we concluded made it possible to apply the statutory passover provisions. 550 F.3d at 1350, 1353.

In view of the statutory provision barring ranking of attorneys, which has been in place since 1944, it is not possible for OPM to provide a certificate of attorney applicants that is a predicate to the passover provisions of section 3318. Therefore, the Board did not err in concluding that the agencies were exempt from the procedures of 3318 and were not required to file written reasons with OPM and seek OPM's permission before selecting candidates other than Jarrard.

## AFFIRMED

### COSTS

No costs.