## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC WILLIAMS,
Appellant,

v.

DEPARTMENT OF DEFENSE,
Agency.

DOCKET NUMBER
DC-3330-22-0113-I-1

DATE: April 9, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Eric Williams, North Charleston, South Carolina, pro se.

Sally R. Bacon, Esquire, Fort Belvoir, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

# BACKGROUND

The appellant is a preference eligible veteran with a service-connected disability rating of 30% or more.  Initial Appeal File (IAF), Tab 9 at 37, 56.  He submitted an application for a Professor of Life Cycle Logistics Management position with the agency's Defense Acquisition University (DAU) pursuant to vacancy announcement DAU-10954360-STH202010007F.  *Id.* at 36-46.  The agency posted this announcement on November 18, 2020, and it closed 96 days later, on February 22, 2021.  *Id.* at 69-77.  A five-member panel reviewed the résumés and scored the applicants based on the five criteria identified in the vacancy announcement.  IAF, Tab 9 at 72-73, Tab 18 at 4-6.  Based on this review, a select number of candidates were offered an interview.  IAF, Tab 18 at 4-6.  The appellant was not among them.  *Id.* at 6.  On October 19, 2021, the agency notified the appellant that he was not selected for three of the four positions to which he applied.[2]  *Id.* at 16.

The appellant timely filed a VEOA complaint with the Department of Labor (DOL) regarding his nonselection, and DOL notified him that it did not find evidence that the agency violated his rights.  IAF, Tab 1 at 7-9.  The appellant subsequently filed the instant Board appeal challenging his nonselection for the vacancy and requested a hearing. IAF, Tab 1 at 2.  On his appeal form, the appellant alleged that the agency violated his veterans' preference rights under VEOA and committed a prohibited personnel practice by violating Office of Personnel Management (OPM) regulations in connection with his nonselection for the position.  *Id.* at 5.  The appellant identified 5 U.S.C. §§ 3317(a)-(b), 3318(b),

---

[2] On his application, the appellant requested that he be considered for positions in the following locations: Huntsville, Alabama; Fort Belvoir, Virginia; Norfolk, Virginia; and Richmond, Virginia.  IAF, Tab 9 at 37-38.  The email notifying the appellant of his nonselection identified that his application had been referred to the hiring manager for all four locations and that he had not been selected for all but the Richmond, VA positions.  *Id.* at 16.  It is unclear from the record why the nonselection notice did not identify the status of the appellant's application for the Richmond, VA location.  However, neither party has raised an issue regarding the status of the appellant's application for that location on review, so we have not addressed the issue.

and 3319 as the specific statutes he believed the agency violated in connection with his nonselection.

The administrative judge issued a jurisdictional order stating that the appellant appeared to be raising a claim under VEOA and apprising the appellant of the applicable law and burden of proof requirements for a VEOA appeal. IAF, Tab 3. The order further instructed the appellant to file evidence or argument establishing Board jurisdiction over his VEOA appeal. *Id.* at 6-7. After both parties responded, IAF, Tabs 7-9, 18, and the appellant filed a number of additional pleadings, IAF, Tabs 10-17, 19-21, the administrative judge issued an initial decision based on the written record without holding the appellant's requested hearing, denying his request for corrective action under VEOA, IAF, Tab 22, Initial Decision (ID) at 1-2, 14.[3] The administrative judge found that the appellant established that the Board has jurisdiction over his VEOA appeal. ID at 7-8. Nevertheless, the administrative judge determined that the appellant did not establish a genuine dispute of material fact regarding whether the agency violated his veterans' preference rights; therefore, he denied the appellant's request for corrective action based on the written record. ID at 11-14.

Specifically, the administrative judge determined that it was undisputed that the Professor positions at issue in this appeal were filled under Schedule A of the excepted service, and so the agency was not required to strictly comply with the excepted-service veterans' preference hiring requirements under title 5 and instead could fill the vacancy according to the agency's Civilian Faculty Plan (CFP). ID at 9. Based on his review of the record evidence, the administrative judge determined that the agency filled the vacancy in accordance with the CFP, including by considering veteran status as a "positive factor," and so the agency's selection procedures complied with the controlling legal authority relating to

---

[3] Although the appellant's jurisdictional response was untimely, it appears that the administrative judge considered it, along with the appellant's other submissions. ID at 4, 14.

veterans' preference. ID at 9-14. Consequently, the administrative judge denied the appellant's request for corrective action.

The appellant has filed a petition for review, to which the agency has responded. Petition for Review (PFR) File, Tabs 1, 3. The appellant has replied to the agency's response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant restates his argument that the agency was required to seek passover authority from OPM in order bypass him because of his service-connected disability of 30% or more. PFR File, Tab 1 at 4-5, 9-11. Additionally, he reasserts that the agency violated other statutes, regulations, and rules related to veterans' preference. *Id.* at 5-9.

As the administrative judge correctly observed, when, as here, an appellant alleges an agency violated his veterans' preference rights under VEOA, he may establish jurisdiction by (1) showing that he exhausted his remedy with DOL; and (2) making nonfrivolous allegations that: (a) he is a preference eligible within the meaning of VEOA, and (b) the agency violated his rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a(a)(1)(A), (d)(1); *Jarrard v. Social Security Administration*, 115 M.S.P.R. 397, ¶ 7 (2010), *aff'd sub nom., Jarrard v. Department of Justice*, 669 F.3d 1320 (Fed. Cir. 2012); *see Davis v. Department of Defense*, 2022 MSPB 20, ¶ 5 n.1 (determining that an accurate exposition of the VEOA jurisdictional elements may omit reference to the requirement that an appellant nonfrivolously allege that the action at issue took place on or after the October 30, 1998 enactment date of VEOA). A statute or regulation "relating to veterans' preference" under VEOA is one that stands in some relation to, has a bearing on, concerns, and has a connection with veterans' preference rights. *Dean v. Department of Agriculture*, 99 M.S.P.R. 533, ¶ 17 (2005), *aff'd on recons.*, 104 M.S.P.R. 1 (2006). Once an appellant establishes

Board jurisdiction under VEOA, the Board may address the merits of the appeal. *Jarrard*, 115 M.S.P.R. 397, ¶ 8.

The parties have not challenged the administrative judge's findings that the appellant exhausted his administrative remedy with DOL and made nonfrivolous allegations that he was a preference eligible and the agency violated a statute or regulation relating to veterans' preference. ID at 8. Accordingly, we affirm those findings and agree with the administrative judge that the appellant established jurisdiction over his VEOA appeal. The sole contested issue in this appeal concerns whether the appellant proved, by preponderant evidence, that the agency violated one or more statutory or regulatory provisions relating to veterans' preference in its selection process. *Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 6 (2015).

The appellant is entitled to a hearing on the merits.

The Board may decide the merits of an appeal alleging the violation of rights under VEOA without holding a hearing when there is no genuine dispute of material fact and one party must prevail as a matter of law. *Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶ 13 (2016). If an administrative judge finds jurisdiction but declines to hold a hearing, he is responsible for notifying the parties that there will be no hearing, setting a date on which the record will close, and affording the parties the opportunity to submit evidence regarding the merits of the appeal before that date. *Id.* In this case, the administrative judge found that the Board has jurisdiction under VEOA and declined to hold a hearing as he indicated he would in the acknowledgment order, IAF, Tab 2 at 2, Tab 3 at 7, without giving the parties the required notice. This error was prejudicial to the appellant because, as discussed below, there remain genuine disputes of material facts that cannot be resolved on the current record. Therefore, we remand this appeal for a hearing on the merits and a new initial decision.

*There remain genuine disputes of material fact regarding whether the agency used its Schedule A hiring authority.*

On review, the appellant identifies a number of statutes relating to veterans' preference that he believes the agency violated, including 5 U.S.C. §§ 3309, 3317, 3318, 3319, and 3320. PFR File, Tab 1 at 5, 8-9. Regarding 5 U.S.C. § 3319, the administrative judge found that the category ranking procedures set forth in 5 U.S.C. § 3319, including the requirement that preference eligibles must be listed ahead of non-preference eligible applicants within each quality category, are not applicable here. ID at 11-12. The appellant continues to assert that the vacancy at issue in this appeal was "[p]art of the competitive examining process." PFR File, Tab 1 at 6. We agree with the administrative judge that the appellant failed to establish a genuine dispute that the agency used anything other than an excepted-service hiring authority. ID at 10-11.

A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 9 n.5. A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party if the judge credits that party's evidence. *Id.* The administrative judge concluded that the vacancy was announced within the excepted service. IAF, Tab 9 at 58, 63, 70, 78; PFR File, Tab 1 at 6; ID at 10-11. The record supports this finding and contains no evidence to the contrary; therefore, we discern no error in his finding.

The category ranking requirements in section 3319 apply to competitive-service positions and not to the excepted-service positions at issue in this case. *See* 5 U.S.C. § 3319(a) (stating that an agency with delegated examining authority "may establish category rating systems for evaluating applications for positions in *the competitive service* . . . based on merit consistent with regulations prescribed by [OPM]" (emphasis added)); *Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 18 n.6 (2010) (explaining that

ranking procedures may be applied, if certain requirements are met, to competitive-service examinations). Accordingly, we agree with the administrative judge's finding that the agency did not violate the appellant's veterans' preference rights under 5 U.S.C. § 3319.[4]

However, OPM has adopted regulations for excepted-service appointments that provide for similar rating and ranking of candidates. 5 C.F.R. § 302.302; *see Patterson v. Department of the Interior*, 424 F.3d 1151, 1156 (Fed. Cir. 2005) (recognizing that "OPM has issued regulations [at 5 C.F.R. part 302] setting forth procedures for applying veterans' preference rights to the excepted service"). Pursuant to OPM's regulations, an agency may assign qualitative numerical scores on a scale of 100, or may make an initial determination of eligibility without such scores. 5 C.F.R. § 302.302(a). If the agency refers eligible candidates without qualitative scores, preference-eligible candidates are considered ahead of non-preference eligibles. 5 C.F.R. §§ 302.201(b), .302(a), .304(b)(5). If it uses scoring, the agency must score all qualified applicants at 70 or more and, as applicable here, add 10 points to such candidates' scores. 5 C.F.R. §§ 302.201(a), .302(b).

OPM mandates that all agencies follow its excepted-service selection procedures. 5 C.F.R. § 302.104. However, it exempts certain positions including, as relevant here, positions that an agency, with OPM agreement,

---

[4] Additionally, although the appellant appears to argue on review that the agency also violated his veterans' preference rights by failing to apply 5 U.S.C. § 3309 in connection with his nonselection, he did not raise this argument before the administrative judge. PFR File, Tab 1 at 8, 10; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (noting that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (same); 5 C.F.R. § 1201.115(d). The appellant also has not provided any evidence that he exhausted this claim before DOL. *See Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 11 (2012) (explaining that the exhaustion requirement is mandated by statute and evidence as to exhaustion is not liberally construed). Accordingly, we have not considered it here.

"included in Schedule A." 5 C.F.R. § 302.101(c)(6). OPM has issued regulations authorizing the agency to appoint DAU Professors using a Schedule A hiring authority. 5 C.F.R. § 213.3101 (stating that, if authorized by OPM, agencies may make appointments under Schedule A "to positions which are not of a confidential or policy-determining character . . . [and] for which it is not practicable to examine"); Office of Personnel Management, Excepted Service; Consolidated Listings of Schedules A, B, and C Exceptions, 85 Fed. Reg. 13,282, 13,283-84 (Mar. 6, 2020) (authorizing the agency to appoint DAU Professors using Schedule A). For such Schedule A positions, the agency must consider veterans' preferences as a "'positive factor' in reviewing applications." *Patterson*, 424 F.3d at 1156-57, 1159-60.

DAU's CFP identifies alternatives for hiring faculty, including the agency's direct hiring authorities and Schedule A. IAF, Tab 9 at 63. Further, its guidance embraces the use of "[n]on-traditional rating and ranking" to determine which candidates are "best qualified," followed by providing a single unscored list to the requesting official "with preference eligibility annotated," from which the selecting official makes his selection, treating "preference eligibility . . . as a positive factor before the final selection." *Id.*

The record reflects that as applications were received by the agency for the Professor vacancy, they were placed on certificates in three batches, at approximately the 30-, 60-, and 90-day marks, regardless of whether they met the minimum qualifications for the position. IAF, Tab 18 at 4. The résumés from each applicant batch were then provided to a résumé review panel, and each member of the panel assessed them based on a set of 5 factors and gave them a total "score" of up to 125 based on a personalized assessment. *Id.* at 4-6. The panel then totaled the panel members' scores to assign a cumulative score. *Id.* at 6. If an applicant had a cumulative score at or above 91, he was placed in the "Best Meets Mission Requirements" ("Best Qualified") category or, if not so

identified, received no further consideration. *Id.* at 6. Only candidates identified as Best Qualified were offered an interview. *Id.*

The appellant's application was in the third batch, which included 106 applicants. *Id.* According to the agency, because his total "score" of 47 was below the cutoff score for placement on the Best Qualified list, he was not interviewed or selected for the position. *Id.* However, in conducting its investigation, DOL represented that the agency had stated it used a title 10 excepted-service hiring authority, that the appellant was in the Best Qualified category, and he was referred to the hiring official. IAF, Tab 1 at 8.

Neither party has provided any evidence from which to determine the type of hiring authority used, such as sworn statements from those involved in the hiring process or a Standard Form 50 for the successful candidate or candidates referencing the appointment authority. Further, the use of scoring criteria does not appear to comport with Schedule A hiring, generally. *See* 5 C.F.R. §§ 6.2 (stating that Schedule A positions are "[p]ositions other than those of a confidential or policy-determining character for which it is not practicable to examine"), 302.101(c)(6). Finally, after conducting an investigation into his complaint, DOL advised the appellant that the agency used a title 10 hiring authority, rather than Schedule A. IAF, Tab 1 at 8. Therefore, we do not agree with the administrative judge that "the unrefuted facts in this case prove" that the agency used a Schedule A hiring authority. ID at 9-11.

If the agency did not hire using Schedule A or another authority that excepted it from OPM's excepted-service hiring requirements in 5 C.F.R. part 302, then the record is lacking evidence regarding whether it complied with those requirements. For example, the agency has not stated whether the appellant was qualified, and thus entitled to a minimal score of 70 out of 100, whether it referred candidates past the résumé review panel without their numerical ratings, as required by its CFP, or how it accounted for preference eligibility in its ultimate hiring decision. Even if the candidates were referred without scoring,

the lead for the résumé review panel was also on the interview panel, and thus aware of the assigned scores. IAF, Tab 18 at 4. However, he did not state whether or how those scores factored into the interview panel's decision. *Id.* at 4-6. Therefore, we find that the administrative judge erred in determining that "the agency complied with the controlling legal authority relating to veterans' preference." ID at 10. Instead, the record in this instance is ambiguous, and there remain genuine issues of material fact as to whether the agency observed preference eligibility requirements in its hiring.

The administrative judge alternatively found that, even if 5 U.S.C. § 3319 were applicable to the excepted-service vacancy announcement at issue in this appeal, the appellant would not be entitled to corrective action because he was not placed among the "Best Qualified" candidates from whom the agency ultimately made its selection. ID at 12-13. Although, as mentioned above, section 3319 did not apply to this excepted-service selection, OPM's excepted-service hiring regulations applied unless the agency used its Schedule A or other exempted hiring authority. We recognize that the appellant was not placed in the Best Qualified category and, on that basis, was not referred for further consideration. Therefore, we have considered whether the written record could support a finding that he was not entitled to corrective action. *See Jones v. Department of Health and Human Services*, 119 M.S.P.R. 355, ¶¶ 15-16 (2013) (concluding that even if the agency had accorded the appellant veterans' preference under 5 U.S.C. § 3319(b), he would not have been entitled to corrective action on his VEOA claim because he was rated "Well Qualified" and the only candidates whose names appeared on the certificate of eligible were rated "Best Qualified," and so the appellant's placement at the top of the "Well Qualified" list would not have resulted in his selection), *aff'd per curiam*, 544F. App'x 976 (Fed. Cir. 2013). However, we believe it is inappropriate to reach this conclusion without first determining what hiring authority the agency

used and whether it complied with the appropriate laws and regulations concerning that authority.

> *There remain genuine disputes of material fact regarding whether the agency was required to seek passover approval from OPM.*

We now turn to the appellant's argument that the agency violated the passover requirement set forth in 5 U.S.C. § 3318. PFR File, Tab 1 at 8-10. Under 5 U.S.C. § 3318, when an agency intends "to pass over a preference eligible on a certificate" in favor of a non-preference eligible, the agency must file written reasons for its intended passover with OPM and OPM must determine whether the agency has provided a sufficient basis to warrant the intended passover. 5 U.S.C. § 3318(c)(1); *Jarrard*, 115 M.S.P.R. 397, ¶ 9. Ordinarily, if the preference eligible is a veteran with a compensable service-connected disability of 30% or more, like the appellant, he will have the opportunity to respond to the agency's stated reasons for the intended passover, and OPM must consider his response in rendering its decision. 5 U.S.C. § 3318(c)(1)-(2); *Jarrard*, 115 M.S.P.R. 397, ¶ 9.

In the initial decision, the administrative judge noted that, although the procedures outlined in 5 U.S.C. §§ 3308-3318 explicitly apply to the competitive service, they also generally apply to the excepted service through 5 U.S.C. § 3320. ID at 11; *see Jarrard*, 115 M.S.P.R. 397, ¶¶ 10, 15 (reaching this conclusion regarding the application of 5 U.S.C. § 3309 to excepted-service hirings). Nevertheless, he determined that when an agency uses Schedule A to make an appointment, as he found was the case here, it is exempt from the passover requirements set forth in 5 U.S.C. § 3318(c). ID at 10-11. We are not persuaded.

OPM has exempted Schedule A positions from its regulation stating that the passover provision applies to excepted service appointments. 5 C.F.R. §§ 302.101(c)(6), .401(b). Instead, in making a Schedule A appointment, "each agency shall follow the principle of veteran preference as far as administratively

feasible and, on the request of a qualified and available preference eligible, shall furnish him/her with the reasons for his/her nonselection." 5 C.F.R. § 302.101(c). The Federal Circuit invalidated an OPM regulation that contained similar language concerning the passover provision on the basis that the regulation provided less protection than the statutory protection at 5 U.S.C. § 3318. *Gingery v. Department of Defense*, 550 F.3d 1347, 1349-50, 1353-54 (2008) (invalidating 5 C.F.R. § 302.401(b) (2008)). However, it later agreed with OPM that attorney hiring was excepted from the passover provision because Congress has prohibited the rating of attorney candidates. *Jarrard*, 669 F.3d at 1324-26. It reasoned that an agency appointing an attorney would be unable to generate a list of ranked applicants, a requirement for the passover process under 5 U.S.C. § 3318. *Id.* at 1325-26.

We decline to resolve here whether the passover provision applies to the non-attorney Schedule A excepted-service appointments of DAU professors. First, as noted above, we are unable to determine whether the agency used its Schedule A hiring authority. Further, the agency did, at one point in the process, assign scores to the applicants, suggesting that it would be feasible to rank the candidates. IAF, Tab 18 at 4-6. The parties have not directly addressed the applicability of rating and ranking to the hiring of DAU Professors. Thus, we cannot conclude that hiring professors is inconsistent with the passover provision at 5 U.S.C. § 3318. Again, we recognize that the appellant was not among the Best Qualified candidates, and thus the passover requirements may not be implicated. However, we decline to make this finding based on this incomplete record without affording the appellant his requested hearing on the merits of his VEOA appeal.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:      _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.